UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------
MICHAEL CARTY and ANTONIO MONACO,

                               Plaintiffs,               **COMPLAINT**

        -against-                       **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
ALEXIA KIRICHENKO ( Tax 956801),
and JOHN DOE,

                             Defendants.
---------------------------------------------------------------------------------

Plaintiffs, MICHAEL CARTY and ANTONIO MONACO, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about November 15, 2011 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof

1

has been neglected or refused.

5. That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing on August 29, 2012, this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## VENUE

6. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in this District.

## JURY DEMAND

7. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiffs, MICHAEL CARTY and ANTONIO MONACO, are, and have been, at all relevant times, residents of Queens County in the City and State of New York.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, ALEXIA KIRICHENKO (Tax 956801), was an individual employed by the City of New York as a member of the 114th Precinct. Defendant Kirichenko is sued herein in her official and individual capacities.

11. At all relevant times hereinafter mentioned, the Doe defendant, was an individual employed by the City of New York as members of the 114th Precinct, whose identity is currently

2

unknown to the plaintiffs. The Doe defendant is sued herein in his official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15. On or about January 19, 2015, at approximately 7:30 p.m., plaintiffs MICHAEL CARTY and ANTONIO MONACO, were lawfully present inside of 32-17 Steinway Street in Queens County in the State of New York.

16. At or about that time and place, the defendants arrived at the location, approached, and detained the Plaintiffs without any legal justification or excuse.

17. The defendants then proceeded to search plaintiffs.

18. Plaintiffs were not engaged in any suspicious or illegal activity, and the search revealed no evidence of any guns, drugs, or contraband.

19. Despite the fact that the Plaintiffs were not in possession of any illegal items, the Defendants nonetheless handcuffed the Plaintiffs and formally arrested them.

20. Plaintiffs were then taken to the station house of a local area precinct where they were held for several hours and searched.

21. The search revealed no evidence of any guns, drugs, or contraband.

22. Plaintiffs were eventually transferred to Queens County Central Booking where they were held for several more hours.

23. Plaintiffs were eventually summarily released from Queens County Central Booking without explanation and without being charged when the Queens County District Attorney declined to prosecute them.

24. The decision to arrest plaintiffs was objectively unreasonable under the circumstances.

25. At no time did there exist sufficient cause to seize or arrest plaintiffs, nor could the defendants have reasonably believed that such cause existed.

26. The factual allegations and testimony sworn to by each of the individual defendants named herein against plaintiffs were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiffs.

27. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

28. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

29. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

30. Plaintiffs MICHAEL CARTY and ANTONIO MONACO repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein

and at length.

31. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

32. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

33. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

34. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

35. By so doing, the individual defendants, individually and collectively, subjected plaintiffs to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

37. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. The NYPD Defendants arrested, searched, and incarcerated plaintiffs MICHAEL CARTY

and ANTONIO MONACO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

42. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, MICHAEL CARTY and ANTONIO MONACO.

44. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were searched and placed under arrest unlawfully.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

48. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

49. All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free

from unreasonable search and seizure.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FALSE ARREST,
## FALSE IMPRISONMENT
## PURSUANT TO STATE LAW

50. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

52. Plaintiffs were detained and held under the imprisonment and control of the defendants under false pretenses.

53. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiffs, without warrant, authority of law or probable cause therefore.

54. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiffs against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiffs through the

unlawful arrest of Plaintiffs; unlawfully detaining and confining Plaintiffs through the use of force; unlawfully arresting Plaintiffs and placing Plaintiffs in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiffs.

55. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

56. That Plaintiffs were conscious of the confinement.

57. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

58. By the actions described above, defendants "POLICE OFFICERS" and THE CITY OF NEW YORK caused plaintiffs to be falsely arrested and/or falsely imprisoned plaintiffs without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

59. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 15, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiffs*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020