UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MICHAEL CARTY and ANTHONY
MONACO,

    Plaintiffs,

  -against-                    **MEMORANDUM AND ORDER**
                                                 Case No. 16-CV-1294 (FB) (RML)

THE CITY OF NEW YORK, ALEXIA
KIRICHENKO, and JOHN DOE,

    Defendants.
---------------------------------------------------x

*Appearances:*
| For the Plaintiffs: | For the Defendant: |
|---|---|
| JESSICA MASSIMI | ZACHARY CARTER |
| Law Office of Michael S. Lamonsoff, PLLC | Corporation Counsel of the City of New York |
| 32 Old Slip, Eighth Floor | By MATTHEW W. McQUEEN |
| New York, New York 10005 | 100 Church Street |
| | New York, New York 10007 |

**BLOCK, Senior District Judge:**

      Plaintiffs, Michael Carty and Anthony Monaco, were arrested and charged with robbery. They were released after the Queens County District Attorney ("DA") declined to prosecute. They then sued the arresting officer, Alexia Kirichenko, for false arrest under 42 U.S.C. § 1983 and state law. They also sued the City of New York ("the City") for liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and vicarious liability under state law.

1

The plaintiffs voluntarily dismissed their *Monell* claim against the City during a court conference. The defendants now move for summary judgment on the remaining claims. For the following reasons, the motion is granted.

I

The following facts are drawn from the parties' Rule 56.1 Statements and supporting documentation. They are either undisputed or, if disputed, presented in the light most favorable to the plaintiffs. *See Tolan v. Cotton*, 572 U.S. 650, 651 (2014) ("[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

On January 19, 2015, the owner of a food cart operating in Astoria, Queens, called 911 to report a robbery by two men. He told the 911 operator that one man had a knife and that the other had a gun. That information was relayed via police radio, where it was received by Kirichenko and her partner, who were on patrol in the area. They responded to the location of the food cart near the corner of Steinway Street and 34th Avenue.

Kirichenko interviewed the food cart owner, who told her that two men had come to the cart and demanded money. He reported that the men told him that one of them had a knife and that the other had a gun, but that neither had displayed a weapon. He told Kirichenko that both men had left and walked into a restaurant

2

down the street after he refused to give them any money. Kirichenko did not recall seeing anyone else at the food cart and, therefore, did not interview anyone else.

Kirichenko and her partner then took the food cart owner to the restaurant, where he pointed out the plaintiffs through a window and positively identified them as the men who had tried to rob him. The two officers went into the restaurant and escorted the plaintiffs outside, telling them what the food cart vendor had said. The officers patted the plaintiffs down but found no weapons.

At some point, Sergeant Jermaine Taylor arrived to supervise Kirichenko and her partner. At his deposition, Taylor did not recall the food cart owner's complaint or any other details of the incident. Reviewing a recorded call to a radio dispatcher, however, he identified himself saying "no robbery, something about menacing." Decl. of Jessica Massimi (June 18, 2018), Ex. 1 at 15.

Taylor then authorized Kirichenko to make an arrest. Accordingly, the plaintiffs were put in police cars and taken to a nearby precinct. Kirichenko filed out a criminal complaint charging the plaintiffs with attempted robbery. The matter was referred to the DA.

Someone from the DA's office interviewed both plaintiffs at Queens Central Booking. They stated that they had gone to the food cart and ordered, but then changed their minds. At that point, they said, the owner had demanded payment and

3

threatened to call the police. Both men stated that they then left the food cart and walked to the restaurant.

Assistant DA Matthew Luongo interviewed the food cart owner by telephone. During the interview, the owner stated that two of his workers had witnessed the incident. Luongo interviewed the two workers, neither of whom had heard anyone mention a weapon during the incident. The DA declined to prosecute, and both plaintiffs were released from custody approximately twenty-three hours after their arrest.

## II

The plaintiffs' claims are for false arrest under § 1983 and state law. "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation omitted). Under state law, but not federal law, the City is vicariously liable for the arresting officer's conduct. *See Ackerson v. City of White Plains*, 702 F.3d 15, 22 (2d Cir. 2012).

Kirichenko claims that she had probable cause to arrest the plaintiffs. "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant*, 101 F.3d at 852 (internal quotation marks omitted).

"Probable cause to arrest exists when the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Escalara v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Weyant*, 101 F.3d at 852).

It is undisputed that that food cart owner told Kirichenko that the plaintiffs had demanded money and told him they were armed. "When information is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curly v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citing *Singer v. Fulton County Sheriff,* 63 F.3d 110, 119 (2d Cir.1995)). The plaintiffs offer three such circumstances.

First, the plaintiffs point out a dispute as to whether there were any other witnesses at the scene. Kirichenko argues that her recollection that there were not is undisputed, but the Court agrees with the plaintiffs that the food cart owner's later statement to ADA Luongo casts at least some doubt on her recollection.

Even if Kirichenko is incorrect, however, the presence of other witnesses would not have defeated probable cause. An arresting officer is under no duty to ferret out reasons to disbelieve a complaining witness. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (rejecting argument that arresting officer "should have made further inquiries and interviewed witnesses at the scene"); *see*

5

*also id.* ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Moreover, other witnesses would have, at most, contradicted the food cart owner's version of events. An arresting officer is not expected to resolve such contradictions. *See Curley*, 268 F.3d at 70 ("[W]e have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." (citing *Singer*, 63 F.3d at 113, 119)); *see also Ricciuti*, 124 F.3d at 128 ("Although Officer Lopez would have been entitled to believe [the arrestee's] version of events rather than [the victims], he was not required to do so."). An arresting officer's function is "to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).

Second, the plaintiffs point out that no weapons were found on them, arguing that this undercuts probable cause because Kirichenko "was informed before making the arrest that weapons were involved." Pls.' Mem. of Law 6. To be precise, however, the food cart owner told Kirichenko that the plaintiffs *claimed* to be armed, but that neither had displayed a weapon. Therefore, the failure to uncover any weapons did not call his account into question. In any event, robbery does not require a weapon. *See* N.Y. Penal L. § 160.00.

Finally, the plaintiffs argue that Sergeant Taylor's "no robbery" statement supports an inference that no attempted robbery occurred. At most, however, it shows that Taylor did not think so. An officer's subjective belief is irrelevant because "[p]robable cause is to be assessed on an objective basis." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007).

Moreover, Taylor apparently thought that the circumstances suggested menacing, which New York law defines as "intentionally plac[ing] or attempt[ing] to place another person in fear of death, imminent serious physical injury or physical injury." N.Y. Penal L. § 120.15. The objective nature of probable cause led the Supreme Court to reiterate in *Davenpeck v. Alford*, 543 U.S. 146 (2004), that an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* at 153.

Thus, it does not matter that Kirichenko thought the facts supported attempted robbery, while Taylor thought they supported only menacing. All that matters is that the facts known to them were sufficient for "a person of reasonable caution," *Weyant*, 101 F.3d at 852, to believe that the defendants had committed either crime—or, indeed, any other crime. *See Davenpeck*, 543 U.S. at 153 (rejecting rule that crime for which probable cause exists must be "closely related" to crime identified by arresting officer). The food cart owner provided a reasonably trustworthy account of such facts.

7

## III

For the foregoing reasons, the Court concludes, as a matter of law, that Kirichenko had probable cause to arrest the plaintiffs, thereby providing a defense to their claims of false arrest. Accordingly, the defendants' motion for summary judgment is granted.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 29, 2019